CLAUDE CLARK v. THE STATE.

No. 3953.   Decided February 16, 1916.

Rehearing denied March 8, 1916.

1.—Burglary—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence was sufficient to sustain a conviction, under a proper charge of the court, there was no reversible error.

2.—Same—Evidence—Manner of Examination.

Where, upon trial of burglary, one of defendant's witnesses testified that on the night of the burglary he passed the alleged burglarized house and saw two persons whom he did not know come out of the back of said house which answered the description of defendant and another, whereupon defendant sought to prove by this witness that since then the witness had come to the conclusion

that these persons were the defendant and said other party (the defendant claiming that he entered said house to play cards with said other party and not to commit theft), there was no error in excluding this testimony, because this was a process of reasoning based on what the witness saw and heard after said event, and not at the time.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. J. Osborne* and *Wynne & Wynne,* for appellant.—On question of excluding testimony of conclusions arrived at by the witness: Tate v. State, 35 Texas Crim. Rep., 231; Sparkman v. State, 61 id., 429; Fifer v. State, 64 id., 203; Trevenio v. State, 48 id., 207; Meyers v. State, 37 id., 208.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of excluding testimony of conclusion of witness: Branch's Crim. Law, sec. 349.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of burglary and his punishment assessed at two years in the penitentiary.

The evidence was amply sufficient to sustain the verdict. Appellant claimed and testified that he was in the house alleged to have been burglarized at the time and stole therefrom certain articles, but he claimed that the brother of the owner of the house admitted him therein, and that they by agreement went therein to gamble. The effect of his testimony and claim was that, at the time he entered the house, he had no intention to commit any theft or do anything other than gamble with the brother of the owner of the house. The State's case positively disputed the appellant's defense. The court, in a correct, full and apt charge, submitted all the questions raised to the jury for a proper finding.

Mr. Crittenden in appellant's behalf testified that on the night of the burglary he passed said house, returning from church with his wife, and saw two persons come out of the back of said house, and he was permitted, properly, to describe these persons fully and how they were dressed. The effect of his description was to describe appellant as one of these parties, and the other as Ben Harris, the brother of the owner of said house. In his direct examination, he stated positively that, at the time he saw these persons, he did not then form any opinion as to who they were. The appellant sought to prove by him that, since then, he had come to the conclusion of who they were, and that he would now testify that they were appellant and said Ben Harris. The State objected to this, and the court went into the matter thoroughly, both before the jury and with the jury retired. He attaches as a part of his qualification the whole testimony of the witness in question and

answer form. From it, it is clear that the judge was authorized to conclude, as he did, that it was by a process of reasoning from what he afterwards heard, and not what he then knew at the time he saw them, from which he formed his opinion that it was said two persons. And the court, in his qualification, says he excluded the answer of the witness, because he did not recognize the parties at the time, and reached the conclusion later that it was them from a process of reasoning or believing based on information subsequently received by him. We think the authorities cited by appellant are inapplicable. This is the only question for decision. The court ruled correctly.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 8, 1916.—Reporter.]